v.

**The STATE of Oklahoma, Appellee.**

**No. J-78-386.**

Court of Criminal Appeals of Oklahoma.

June 29, 1979.

Henry A. Meyer, III, Hieronymus, Hodgden & Halley, Woodward, for appellant.

John F. Reichenberger, Asst. Dist. Atty., Woodward, for appellee.

## OPINION

BRETT, Judge:

The juvenile appeals from an order in Woodward County Case No. J–77–48, certifying him to stand trial as an adult. Title 10 O.S.Supp.1978, § 1112, ¶ (b).

The juvenile first alleges it was error for the District Court to overrule his request for $5,000.00 with which to hire an independent psychiatrist to determine whether he is capable of distinguishing right from wrong and of aiding in his own defense. Particularly in light of the facts that the record is devoid of evidence either that the State psychiatrist is incompetent or that the juvenile does have serious psychological problems, that no motion was made until the completion of the State psychiatrist's testimony at the certification hearing, and that the $5,000.00 figure appears to be an arbitrary figure set by defense counsel, we abide by our prior rulings that a defendant is not entitled to a private psychiatrist at State expense. *Tims v. State,* Okl.Cr., 525 P.2d 1227 (1974); *Stidham v. State,* Okl.Cr., 507 P.2d 1312 (1973).

The juvenile next contends that the State psychiatrist was biased against him, because the psychiatrist was a State employee, because he testified he did not think the juvenile could be rehabilitated, and because he testified that 87% of those who were sent to a State hospital for a determination of competency to stand trial are found to know the difference between right

and wrong and to be capable of aiding in their own defense. We iterate what we said in *Rouse v. State,* Okl.Cr., 594 P.2d 787 (1979), that the fact that a psychiatrist is employed by the State does not prevent him or her from fairly evaluating a defendant's mental condition. Neither are we persuaded by the juvenile's other two allegations of bias.

■ The juvenile further argues that the Oklahoma Certification Statute is unconstitutional because of the discretion given to the prosecutor to choose to treat a child as a juvenile or to seek to have him certified to stand trial as an adult. That issue was determined in *Sherfield v. State,* Okl.Cr., 511 P.2d 598, 606 (1973). The mere fact that a juvenile's companions are not certified does not show that a prosecutor has abused his discretion, especially where, as here, there is evidence that the appealing juvenile was the leader and that the others were younger than he and had cooperated with the police.

■ Finally, the juvenile contends that the Juvenile Court erred in finding the juvenile was not amenable to rehabilitation and that the certification hearing did not follow the guidelines of *Kent v. United States,* 385 U.S. 541, 86 S.Ct. 1045, 16 L.Ed.2d 84 (1966), and adopted by this Court in *J.T.P. v. State,* Okl.Cr., 544 P.2d 1270 (1975). The finding that a child is not amenable to rehabilitation within the juvenile system need be supported only by substantial evidence, i. e., by more than a scintilla. *Calhoon v. State,* Okl.Cr., 548 P.2d 1037 (1976). In this case, both the psychiatrist who examined the juvenile and the DISRS worker who was the juvenile's probation officer said they thought he was not amenable to rehabilitation. He had previously been declared a child in need of supervision and was on probation from the Boley State School. There was evidence he had violated the terms of his probation. There was evidence that he broke and entered a dwelling house at night and stole a gun, a billfold containing a large amount of money, a car, and a case of liquor, among other things. There was evidence he had previ-

ously laid carpet in the home and that he had seen the home's occupant in the grocery store with a large amount of money, evidence of wilfulness and premeditation. Finally, a loaded pistol was found in his possession when he was arrested.

Therefore, for the above and forgoing reasons, the certification of the juvenile to stand trial as an adult is *AFFIRMED.*

CORNISH, P. J., and BUSSEY, J., concur.